LATHAM & WATKINS LLP
Douglas E. Lumish (SBN 183863)
  *doug.lumish@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600

Matthew W. Walch (*Pro Hac Vice*)
  *matthew.walch@lw.com*
Gary S. Feinerman (*Pro Hac Vice*)
  *gary.feinerman@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700

(Additional Counsel Listed on Signature Page)

*Attorneys for Defendant Hyundai Motor Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SOELECT, INC.,<br><br>                   Plaintiff,<br><br>         v.<br><br>HYUNDAI MOTOR COMPANY,<br><br>                   Defendant. | Case No. 3:23-cv-05405-CRB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY DEFENDANT HYUNDAI MOTOR COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[REQUEST FOR JUDICIAL NOTICE; PROPOSED ORDER FILED CONCURRENTLY]**<br><br>Courtroom:  6 – 17th Floor<br>Judge:  Hon. Charles R. Breyer<br>Action Filed:  Oct. 20, 2023<br><br>Date:  April 12, 2024<br>Time:  10:00 a.m. |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES, COUNSEL OF RECORD, AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on April 12, 2024 at 10:00 a.m. or as soon thereafter as the matter can be heard before the Hon. Charles R. Breyer, in Courtroom 6 of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94012, Defendant Hyundai Motor Company ("HMC"), by and through its undersigned counsel, will and hereby does move this Court for an order dismissing the complaint (Dkt. 1) filed by Plaintiff Soelect, Inc. ("Soelect") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). Soelect's one-count complaint, which alleges misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), should be dismissed for four independent reasons. First, this Court lacks personal jurisdiction over HMC. Second, this District is an improper venue. Third, Soelect's claim is improperly duplicative and barred by the anti-claim splitting doctrine. Fourth, Soelect fails to state a claim upon which relief can be granted because it does not allege an act in furtherance of the alleged misappropriation committed in the United States, as the DTSA requires.

HMC's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Matthew W. Walch, Dr. Samuel Seo, and Chaeyeol Lee, including their accompanying exhibits, the pleadings and other papers submitted in this action, matters as to which this Court may take judicial notice, including as set out in HMC's request for judicial notice, and any other materials that properly come before the Court at or before the hearing on this Motion.

Dated:  March 8, 2024

Respectfully submitted,

   */s/ Matthew W. Walch*
Matthew W. Walch (*Pro Hac Vice*)
 matthew.walch@lw.com
Gary S. Feinerman (*Pro Hac Vice*)
 gary.feinerman@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Defendant Hyundai Motor Company*

1

**TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................. 1

II.     BACKGROUND ........................................................................ 2

III.    LEGAL STANDARDS ............................................................... 4

IV.     THE COURT LACKS PERSONAL JURISDICTION OVER HMC ............... 4

        A.      Soelect Fails to Allege, and Cannot Show, "Purposeful Direction" .................... 5

                1.      Soelect's Allegations Relating to an October 2020 Zoom
                        Meeting Fail ........................................................ 5

                2.      Soelect's Allegations Relating to HATCI Activities Fail ......................... 6

                3.      Soelect Fails to Allege Forum-Specific Harm ........................... 8

        B.      Soelect Fails to Allege, and Cannot Show, That Its DTSA Claim Arises
                Out of or Relates to Forum-Related Activities ...................... 8

        C.      Exercising Personal Jurisdiction Over HMC Would be Unreasonable ................ 9

V.      THIS DISTRICT IS AN IMPROPER VENUE ...................................... 10

VI.     SOELECT'S SUIT IS BARRED BY THE ANTI-CLAIM SPLITTING
        DOCTRINE ........................................................................ 10

        A.      Soelect's Successive Causes of Action are the Same Under this Doctrine ........ 10

                1.      Soelect's Suits Arise Out of the Same Transactional
                        Nucleus of Facts ................................................ 11

                2.      Prosecution of This Case Could Destroy or Impair Rights
                        Established in the HATCI Matter ............................... 12

                3.      Substantially Similar Evidence Will Be Presented In Both
                        Suits ............................................................ 13

                4.      Soelect's Suits Involve the Alleged Infringement of the
                        Same Right ...................................................... 13

        B.      HMC and HATCI are "Privies" Under the Anti-Claim Splitting Doctrine,
                and Soelect is the Plaintiff in Both Suits ............................... 14

VII.    SOELECT'S DTSA CLAIM FAILS FOR LACK OF A DOMESTIC "ACT IN
        FURTHERANCE" OF THE ALLEGED MISAPPROPRIATION.................. 15

VIII.   CONCLUSION ...................................................................... 15

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Adams v. Cal. Dep't of Health Servs.*,
    487 F.3d 684, 688-89 (9th Cir. 2007) .............................................................................. *passim*

*Adaptix v. Amazon.com*,
    No. 5:14-cv-01379, 2015 WL 4999944 (N.D. Cal. Aug. 21, 2015) ..................................10, 14

*Aldini AG v. Silvaco, Inc.*,
    No. 21-cv-06423, 2022 WL 20016826 (N.D. Cal. Aug. 3, 2022) ......................................2, 15

*Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*,
    No. 18-cv-07517, 2019 WL 4221590 (N.D. Cal. Sept. 5, 2019) ..............................................7

*Almaznai v. S-L Distrib. Co.*,
    No. 20-cv-08487, 2021 WL 4457025 (N.D. Cal. June 21, 2021)............................................11

*Anguiano-Tamayo v. Wal-Mart Assocs.*,
    No. 18-cv-04598, 2019 WL 359417 (N.D. Cal. Jan. 29, 2019)..............................................14

*Apple Inc. v. Allan & Assocs.*,
    445 F. Supp. 3d 42 (N.D. Cal. 2020) .......................................................................................3

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*,
    480 U.S. 102 (1987)..................................................................................................................9

*Battle Born Munitions v. Dick's Sporting Goods*,
    No. 3:19-cv-00561, 2020 WL 1891859 (D. Nev. Apr. 16, 2020) ..........................................10

*Beijing Neu Cloud Oriental v. IBM*,
    No. 21-cv-7589, 2022 WL 889145 (S.D.N.Y. Mar. 25, 2022)...............................................15

*Bepex Int'l v. Micron BV*,
    No. 19-cv-2997, 2023 WL 2975699 (D. Minn. Apr. 17, 2023)..............................................15

*Cisco Systems, Inc. v. Dexon Computer*,
    No. 20-cv-04926, 2023 WL 3032061 (N.D. Cal. Apr. 21, 2023)..............................1, 4, 8, 9

*Core-Vent v. Nobel Indus.*,
    11 F.3d 1482 (9th Cir. 1993) ....................................................................................................9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).................................................................................................................7

*E\*Healthline.com, Inc. v. Pharmaniaga Berhad*,
    No. 18-cv-01069, 2018 WL 5296291 (E.D. Cal. Oct. 23, 2018)..................................5, 6, 7, 8

*Efficient Frontiers v. Marchese*,
 No. 16-cv-06920, 2016 WL 7117243 (C.D. Cal. Dec. 6, 2016)................................11, 12, 13

*Elite Semiconductor v. Anchor Semiconductor*,
 No. 5:20-cv-06846, 2021 WL 3037701 (N.D. Cal. July 19, 2021) ........................................5

*Elofson v. Bivens*,
 No. 15-cv-05761, 2017 WL 566323 (N.D. Cal. Feb. 13, 2017)............................................10

*Estrada v. City of San Luis*,
 No. 07-cv-1071, 2008 WL 3286112 (D. Ariz. Aug. 7, 2008) ...................................12, 13, 14

*GeoSolutions B.V. v. Sina.com Online*,
 No. 21-cv-08019, 2023 WL 7107284 (N.D. Cal. Oct. 27, 2023) ............................................9

*Hawkins v. Spelling Ent. Grp., Inc.*,
 221 F.3d 1348 (9th Cir. 2000) ...........................................................................................13

*HDT Bio Corp. v. Emcure Pharms.*,
 No. 22-cv-0334, 2023 WL 9094355 (W.D. Wash. Dec. 4, 2023) ......................................5, 7

*Hernandez v. Wells Fargo & Co.*,
 18-cv-18-07354, 2019 WL 3017657 (N.D. Cal. July 10, 2019)............................................2

*Herrera v. Countrywide KB Home Loans*,
 No. 5:11-cv-03591, 2012 WL 901340 (N.D. Cal. Mar. 15, 2012) ......................11, 12, 13, 15

*Hit Bound Music v. BBC Films*,
 No. 16-cv-7125, 2017 WL 5640543 (C.D. Cal. June 28, 2017)............................................7

*Hueter v. Kruse*,
 No. 21-cv-00415, 2021 WL 5238763 (D. Haw. Nov. 10, 2021)....................................10, 14

*Iconlab v. Valeant Pharms. Int'l*,
 No. 8:16-cv-01321, 2017 WL 7240856 (C.D. Cal. Apr. 25, 2017).......................................7

*In re Kia Hyundai Vehicle Theft Litig.*,
 No. 8:22-ML-03052, 2023 WL 8126869 (C.D. Cal. Nov. 15, 2023)....................................4, 6

*In re McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*,
 No. 21-MD-02996, 2023 WL 4670291 (N.D. Cal. July 20, 2023)..........................................4

*Int'l Union of Op. Eng'rs v. Karr*,
 994 F.2d 1426 (9th Cir. 1993) ...........................................................................................11

*Johnson v. Ford Motor Co.*,
 No. 23-cv-01375, 2023 WL 8654930 (N.D. Cal. Dec. 14, 2023)........................................3, 4

*Kovalenko v. Kirkland & Ellis LLP*,
 No. 22-cv-05990, 2023 WL 5444728 (N.D. Cal. Aug. 23, 2023) ..........................................8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ...............................................................................4

*Media Rts. Techs. v. Microsoft Corp.*,
    922 F.3d 1014 (9th Cir. 2019) ........................................................................12, 13

*Mendoza v. Amalgamated Tr. Un. Int'l*,
    30 F.4th 879 (9th Cir. 2022) ...........................................................................2, 14

*Phillips v. Salt River Police Dep't*,
    586 F. App'x 381 (9th Cir. 2014) ..........................................................................2

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ............................................................................4, 6

*Pollok v. Vanguard Mktg.*,
    No. 18-cv-1099, 2018 WL 6118602 (C.D. Cal. May 29, 2018)...............10, 12, 14

*ProV Int'l v. Lucca*,
    No. 8:19-cv-978, 2019 WL 5578880 (M.D. Fla. Oct. 29, 2019)..........................15

*Ramachandran v. Best Best & Krieger*,
    No. 20-cv-03693, 2021 WL 428654 (N.D. Cal. Feb. 8, 2021) ............................10

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ............................................................................6, 7

*Ross v. Bd. of Tr. of Cal. State Univ.*,
    741 F. App'x 442 (9th Cir. 2018) ..........................................................................2

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ..................................................................................6

*Serenium, Inc. v. Zhou*,
    No. 20-cv-02132, 2021 WL 3111758 (N.D. Cal. July 22, 2021) ................. *passim*

*Tahoe-Sierra Pres. Council v. Tahoe Reg'l Plan. Agency*,
    322 F.3d 1064 (9th Cir. 2003) ..............................................................................14

*Taylor v. Sturgell*,
    553 U.S. 880, 904 (2008).........................................................................................2

*U.S. Bank N.A. v. Fid. Nat'l Title Grp., Inc.*,
    No. 2:20-cv-01955, 2024 WL 229667 (D. Nev. Jan. 19, 2024) .............................7

**STATUTES**

18 U.S.C. § 1836 et seq................................................................................2, 12, 15

28 U.S.C. § 1391 .........................................................................................1, 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Soelect's complaint should be dismissed for four independent reasons.

*First*, this Court lacks personal jurisdiction over HMC.  Soelect, a Delaware corporation located in North Carolina, accuses HMC, a South Korean corporation, of misappropriating trade secrets in South Korea in late 2020.  Dkt. 1 at ¶¶ 16-17, 46-50.  Soelect, however, fails to allege any basis for personal jurisdiction over HMC.  It appears Soelect filed suit in this Court because an HMC subsidiary, Hyundai America Technical Center ("HATCI"), negotiated a Materials Transfer and Test Agreement (the "MTA") with Soelect, "*in part*," in "Santa Clara County" in 2019—more than a year before the alleged misappropriation.  *Id.* at ¶ 19.[1]  Such an allegation is insufficient for personal jurisdiction purposes.  Soelect does not allege, and cannot plausibly contend, that *HMC* expressly aimed any allegedly tortious conduct at California (or the United States for that matter), or that Soelect's claim arises out of or relates to any forum-related activities.  Additionally, even if Soelect could meet its burden on these threshold requirements, exercising jurisdiction over HMC would be unreasonable.  *See Cisco Sys., Inc. v. Dexon Computer*, No. 20-cv-04926, 2023 WL 3032061, at *1-2 (N.D. Cal. Apr. 21, 2023); *Serenium, Inc. v. Zhou*, No. 20-cv-02132, 2021 WL 3111758, at *3, *5 (N.D. Cal. July 22, 2021).

*Second*, this District is an improper venue.  HMC is not a resident of this District, a substantial part of the events giving rise to Soelect's claim did not occur here, and HMC is not subject to this Court's personal jurisdiction.  *See* 28 U.S.C. § 1391.

*Third*, Soelect's claim is barred by the anti-claim splitting doctrine.  In March 2022, Soelect filed suit against HATCI, an HMC subsidiary, in the Northern District of Illinois, alleging that HATCI breached the MTA because (a) Soelect shipped samples of an allegedly proprietary battery anode material, which Soelect calls "Lithium-X" or "LiX," to HMC in South Korea in August 2020 and (b) HMC took scanning electron microscopy images of one of those samples.[2]  In the

---

[1] Unless otherwise noted, emphasis is added and internal citations and quotations are omitted.

[2] *See Soelect, Inc. v. Hyundai America Technical Center, Inc.*, No. 1:22-cv-01342 (N.D. Ill.) (the "HATCI Matter"), Dkt. 1 (Compl.) (Ex. A); *see also* note 4.  Unless otherwise noted, lettered exhibits are attached to the accompanying Declaration of Matthew W. Walch ("Walch Decl.").

1   HATCI Matter, fact and expert discovery are closed, and cross-motions for summary judgment are

2   pending.  Nevertheless, Soelect asserts in this Court that, through the same actions that gave rise

3   to its claim in the HATCI Matter, HMC misappropriated purported LiX-related trade secrets.

4   Dkt. 1.  The anti-claim splitting doctrine prohibits this type of successive, duplicative action.  And

5   the doctrine applies here because HMC and HATCI, despite being separate corporate entities, are

6   privies for purposes of this doctrine, and (i) this case and the HATCI Matter arise out of the same

7   transactional nucleus of facts, (ii) allowing both cases to proceed risks inconsistent judgments,

8   which could destroy or impair rights established in the HATCI Matter, (iii) substantially the same

9   evidence will be presented in both cases, and (iv) both cases involve the alleged infringement of

10  the same right—Soelect's purported intellectual property rights in its allegedly proprietary

11  technology.  *See Mendoza v. Amalgamated Tr. Un. Int'l*, 30 F.4th 879, 887-89 (9th Cir. 2022);

12  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other*

13  *grounds*, *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).[3]

14          *Fourth*, Soelect fails to state a claim upon which relief can be granted because its Defend

15  Trade Secrets Act ("DTSA") claim is based on conduct that allegedly occurred in South Korea,

16  and Soelect has not alleged, nor could it, a domestic act in furtherance of the alleged

17  misappropriation.  Without such an act, the DTSA does not apply to HMC's extraterritorial

18  activity.  *See* 18 U.S.C. § 1837; *Aldini AG v. Silvaco, Inc.*, No. 21-cv-06423, 2022 WL 20016826,

19  at *14 (N.D. Cal. Aug. 3, 2022).

20  **II.    BACKGROUND**[4]

21          In March 2022, Soelect filed a one-count complaint in the Northern District of Illinois

22  against HATCI, alleging HATCI breached the MTA that HATCI and Soelect entered in September

23  _____

24  [3] *Taylor* overruled *Adams* on grounds unrelated to the anti-claim splitting doctrine.  The Ninth
    Circuit continues, post-*Taylor*, to apply the anti-claim splitting doctrine as articulated in *Adams*.

25  *E.g.*, *Ross v. Bd. of Tr. of Cal. State Univ.*, 741 F. App'x 442 (9th Cir. 2018); *Phillips v. Salt River
    Police Dep't*, 586 F. App'x 381 (9th Cir. 2014).

26  [4] Exhibits cited herein are documents referenced in the complaint and central to Soelect's claims,
    or records and admissions that may be judicially noticed.  *See Aldini*, 2022 WL 20016826, at *4

27  ("The Court may take judicial notice of court records, including opinions, complaints, briefs, and
    evidence filed in other actions."); *Hernandez v. Wells Fargo & Co.*, 18-cv-18-07354, 2019 WL

28  3017657, at *5 (N.D. Cal. July 10, 2019) ("[P]arty admissions may be judicially noticed.").  Also,

2019.  Ex. A, HATCI Matter, Dkt. 1 (Compl.) at ¶¶ 1, 6-15.  HATCI, located in Michigan, is a subsidiary of HMC.  *Id.* ¶¶ 3, 8.  As noted, HMC is a South Korean corporation.  Dkt. 1 at ¶¶ 1, 17.

In the HATCI Matter, Soelect asserts that HATCI breached the MTA because, after Soelect shipped LiX product samples to HMC in South Korea in August 2020, HMC took scanning electron microscopy ("SEM") images of lithium deposits on top of one of those samples.  Soelect contends the SEM images revealed proprietary information about its sample.  Ex. A, HATCI Matter, Dkt. 1 (Compl.) at ¶¶ 11-15, 20; HATCI Matter, Dkt. 136 (Soelect SJ Reply) at 4-5, 11-12.  HATCI denies Soelect's claim because, among other things, Soelect's August 2020 samples and HMC's SEM imaging of one such sample were not covered by the MTA, and the SEM images of lithium deposits on that sample did not reveal any confidential characteristics of that sample.  Ex. B, HATCI Matter, Dkt. 145 (HATCI SJ Reply) at 1-5, 7-8.  HMC engineers have explained the limited scope of their testing and averred that "HMC has never used any information from any evaluations of Soelect samples in any projects or development work."  Ex. C, HATCI Matter, Dkt. 146-2 (Jan. 29 Song Decl.) at ¶ 6-9; *see also* Ex. D, HATCI Matter, Dkt. 146-3 (Jan. 29 Seo Decl.) at ¶¶ 13-14.  Fact and expert discovery in the HATCI Matter are closed, and cross-motions for summary judgment are fully briefed and pending.

Soelect filed this case in October 2023, over a year and a half after the HATCI Matter was filed.  Dkt. 1.  Here, with allegations closely mirroring those in the HATCI Matter, Soelect claims that HMC misappropriated Soelect's LiX-related trade secrets.  *See, e.g., id.* at ¶¶ 1, 6 (alleging HMC obtained samples of Soelect's "'Lithium-X' or 'LiX' anode material" pursuant to the MTA), ¶¶ 10-11 (alleging HMC "sent Soelect testing results" showing it conducted "testing prohibited by the [MTA]" "capable of determining the structure and composition [of] Soelect's technology").  In January 2024, HMC waived service of Soelect's complaint, preserving "all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of th[is] action," and agreed to file responsive pleadings on March 8, 2024.  Dkt. 11.  No case schedule has been entered.

---

with respect to HMC's Rule 12(b)(2) and 12(b)(3) motions, the Court may consider evidence outside the pleadings.  *See Apple Inc. v. Allan & Assocs.*, 445 F. Supp. 3d 42, 50 (N.D. Cal. 2020); *Johnson v. Ford Motor Co.*, No. 23-cv-01375, 2023 WL 8654930, at *1 (N.D. Cal. Dec. 14, 2023).

## III.    LEGAL STANDARDS

Under Rule 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction.  In a tort case like this one, where no basis exists for general jurisdiction,[5] the plaintiff must demonstrate that (1) the defendant "purposefully direct[ed]" its activities at the forum and (2) "the claim [is] one which arises out of or relates to the defendant's forum-related activities."  *Cisco*, 2023 WL 3032061, at *1-2; *Serenium*, 2021 WL 3111758, at *3, *5 ("In cases sounding in tort, courts apply the purposeful direction [test].") (citing *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015)).  If the plaintiff fails to make either showing, "personal jurisdiction is not established."  *Cisco*, 2023 WL 3032061, at *2.  If the plaintiff demonstrates both, then the burden shifts to the defendant to show that "the exercise of jurisdiction would not be reasonable."  *Id.*

Rule 12(b)(3) permits a party to assert the defense of improper venue.  "The plaintiff bears the burden of showing that venue is proper."  *Johnson*, 2023 WL 8654930, at *1.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege enough facts to state a claim to relief that is plausible."  *In re McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*, No. 21-MD-02996, 2023 WL 4670291, at *3 (N.D. Cal. July 20, 2023).  The Court "is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

## IV.    THE COURT LACKS PERSONAL JURISDICTION OVER HMC

Soelect's complaint should be dismissed for lack of personal jurisdiction.  Soelect cannot show that HMC "purposefully direct[ed]" pertinent activities at California (or the United States for that matter), or that its DTSA claim arises out of or relates to any "forum-related activities."  *Cisco*, 2023 WL 3032061, at *1-2.  Even if Soelect could meet its burden on these issues, exercising jurisdiction over HMC would be unreasonable.  *Id.* at *2.

---

[5] *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Only in an exceptional case will general jurisdiction be available" outside "a corporation's place of incorporation and principal place of business."); *In re Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ML-03052, 2023 WL 8126869, at *13 (C.D. Cal. Nov. 15, 2023) (rejecting the argument that the court in California could exercise general personal jurisdiction over HMC).

### A.    Soelect Fails to Allege, and Cannot Show, "Purposeful Direction"

Soelect fails to allege, and cannot show, the "purposeful direction" required for the Court to hale non-resident HMC into court for an alleged misappropriation occurred in South Korea.

Soelect's complaint lacks any allegation concerning personal jurisdiction.   The only allegations that even arguably posit connections between HMC and California (or the United States) concern (1) an October 27, 2020 Zoom meeting that Soelect alleges was attended by "Hyundai personnel from the United States and Korea," and (2) negotiations conducted by HATCI (including a HATCI office known as CRADLE[6])—not HMC—over the MTA and another contract to which HMC was not a party.  *See* Dkt. 1 at ¶¶ 2, 9, 19, 25-29; *see also id.*, Dkt. 1-1, 1-2 (HMC is not a party to the HATCI-Soelect NDA or the MTA); Ex. E, HATCI Matter, Dkt. 138 (Soelect Resp. to HATCI SOF) at ¶ 25 (Soelect admits "HMC was not a party to the MTA").  Soelect's allegations fail as a matter of law because they do not show that HMC's alleged misappropriation was "expressly aimed" at, or caused harm likely to be suffered in, California (or anywhere else in the United States).  *Serenium*, 2021 WL 3111758, at *5.[7]

### 1.    Soelect's Allegations Relating to an October 2020 Zoom Meeting Fail

Soelect's allegations concerning an October 2020 Zoom meeting fail for several reasons to show the "express aiming" required for purposeful direction and personal jurisdiction.  *First*, Soelect does not allege, and could not plausibly assert, that any "confidential information was misappropriated at th[is] one [Zoom] meeting," which occurred after the SEM imaging at the heart

---

[6] CRADLE goes unnamed in Soelect's complaint, but Soelect knows and dealt directly with CRADLE.  *See* HATCI Matter, Dkt. 107 (Soelect SJ Mem.) at 3 (arguing "an employee in HATCI's CRADLE office" was "HATCI's 'face' in dealings with Soelect").  CRADLE is the HATCI office to which Soelect refers in alleging that the MTA was "negotiated, in part" by an "HMC[] subsidiary company in Santa Clara County."  Dkt. 1 at ¶ 19.

[7] *See also HDT Bio Corp. v. Emcure Pharms.*, No. 22-cv-0334, 2023 WL 9094355, at *1, *6-9 (W.D. Wash. Dec. 4, 2023) (finding no specific jurisdiction over defendant, an Indian pharmaceutical company, which, like HMC, was accused of "misappropriation of [] trade secrets abroad" after the plaintiff's agreement with one of the defendant's domestic subsidiaries "did not pan out"); *Elite Semiconductor v. Anchor Semiconductor*, No. 5:20-cv-06846, 2021 WL 3037701, at *9 (N.D. Cal. July 19, 2021) (finding no specific jurisdiction where the alleged misappropriation took place "in Taiwan, not California"); *E\*Healthline.com, Inc. v. Pharmaniaga Berhad*, No. 18-cv-01069, 2018 WL 5296291, at *1, *5 (E.D. Cal. Oct. 23, 2018) (finding no specific jurisdiction over a Saudi Arabian company that exchanged emails, conducted teleconferences, and entered into an NDA with a California pharmaceutical manufacturer), *R&R adopted*, 2020 WL 5891581 (E.D. Cal. Oct. 5, 2020), *aff'd*, 2022 WL 1744060 (9th Cir. May 31, 2022).

of Soelect's claim.  *E*Healthline.com*, 2018 WL 5296291, at *5.  Soelect alleges that, during this meeting, HMC presented slides with the SEM images—*to Soelect*.  Dkt. 1 at ¶ 2.

*Second*, Soelect uses the unspecific phrase "*Hyundai* personnel from the United States and Korea" (Dkt. 1 at ¶ 2) in an effort to blur the line between HATCI and HMC personnel.  But Soelect could not have alleged that any *HMC* personnel attended that Zoom meeting from the United States; they attended from South Korea.  *See* March 6, 2024 Declaration of Dr. Samuel Seo at ¶ 2, filed concurrently.  The only "Hyundai" personnel attending from the United States were HATCI—not HMC—employees.  *Id.*  Soelect cannot "interchange" "separate corporate entities" for its jurisdictional "convenien[ce]."  *Serenium*, 2021 WL 3111758, at *8; *see also Kia Hyundai Vehicle Theft Litig.*, 2023 WL 8126869, at *3 ("[D]isputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction.").

*Third*, "the Ninth Circuit has concluded that the ordinary use of the mails, telephone, or other international communications," like the October 2020 Zoom meeting and related correspondence, "do not qualify as purposeful activity" aimed at a "[forum] state."  *Serenium*, 2021 WL 3111758, at *4 (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991)).

*Fourth,* even if HMC personnel had attended meetings in person or from locations in the United States, "transitory presence" does not support jurisdiction unless—unlike here—it is "meaningful enough to create a substantial connection" with the forum.  *Picot*, 780 F.3d at 1213 (finding "two trips to California" not enough for personal jurisdiction); *E*Healthline.com*, 2018 WL 5296291, at *1, *5 (explaining that "one in-person meeting" in California was not enough for personal jurisdiction).  Soelect cannot meet that requirement here.

## 2.     Soelect's Allegations Relating to HATCI Activities Fail

Soelect's allegations relating to HATCI activities likewise fail to support personal jurisdiction over HMC.  *First*, it is well-settled that "[t]he existence of a parent-subsidiary relationship," like the HMC-HATCI relationship, "is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015).  Rather, to impute HATCI activities to HMC, Soelect must show that imputation is appropriate via an agency or alter ego

theory.  *See id.* at 1070-71; *Iconlab v. Valeant Pharms. Int'l*, No. 8:16-cv-01321, 2017 WL 7240856, at *5-6 (C.D. Cal. Apr. 25, 2017), *aff'd*, 828 F. App'x 363 (9th Cir. 2020).[8]  Yet Soelect does not, and cannot plausibly, allege facts supporting either theory.  HMC does not exercise "pervasive control" over, or "dictate every facet of," HATCI's day-to-day business, as both theories require.  *Ranza*, 793 F.3d at 1073; *see also HDT*, 2023 WL 9094355, at *10.  To the contrary, HMC and HATCI observe corporate formalities, and HMC respects HATCI's control over its own operations.  *See* Declaration of Chaeyeol Lee at ¶¶ 6-9, filed concurrently; *see also HDT*, 2023 WL 9094355, at *10 ("[D]ue process demands respect for corporate separateness.").

*Second*, even if HATCI's activities were (incorrectly) imputed to HMC, Soelect cannot meet its burden to show that any such activities were "expressly aimed" at California, or even the United States.  *Serenium*, 2021 WL 3111758, at *5-6.  Soelect may contend that the MTA serves as basis for jurisdiction (Dkt. 1 at ¶ 19), but it does not.  By Soelect's own admission, the MTA was negotiated in California only "*in part*"—i.e., only partially and incidentally through forum-related activities.  *See Hit Bound Music v. BBC Films*, No. 16-cv-7125, 2017 WL 5640543, at *3 (C.D. Cal. June 28, 2017) ("The fact that a Los Angeles attorney was involved during … negotiations is insufficient by itself to confer personal jurisdiction.").  And, the MTA was not expressly aimed at California—it was executed by companies from North Carolina (Soelect) and Michigan (HATCI), contemplates testing in South Korea, is governed by North Carolina law, and sets Illinois as the venue for disputes.  Dkt. 1-2 at 1, 3, 5.

*Third*, express aiming "depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue," *E*Healthline.com*, 2020 WL 5495284, at *4, and "[a] plaintiff must point to contacts which demonstrate that the defendant expressly aimed its *tortious conduct* at the forum."  *Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*, No. 18-cv-07517, 2019

---

[8] The alter ego theory applies where the plaintiff shows that (i) "there is such [a] unity of interest and ownership that the separate personalities [of the two entities] no longer exist" and (ii) "failure to disregard [their separate identities] would result in fraud or injustice."  *Ranza*, 793 F.3d at 1073.  The agency theory applies—at most—only where the parent has "the right to substantially control its subsidiary's activities."  *Iconlab*, 2017 WL 7240856, at *5.  Courts in the Ninth Circuit, however, have expressed "doubts about the continuing viability of the agency test" in the wake of the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014).  *See, e.g., U.S. Bank N.A. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01955, 2024 WL 229667, at *4 n.1 (D. Nev. Jan. 19, 2024).  Regardless, Soelect's allegations fail under either theory.

WL 4221590, at *13 (N.D. Cal. Sept. 5, 2019) (emphasis in original). "Here, [Soelect] voluntarily sent its [alleged] trade secrets to [South Korea], where the alleged misappropriation occurred." *Serenium*, 2021 WL 3111758, at *7. None of Soelect's allegations, including its allegations about the MTA, shows that the alleged misappropriation—the actual tort at issue—was aimed at California or the United States. This is fatal to personal jurisdiction. *See E\*Healthline.com*, 2018 WL 5296291, at *5 (no personal jurisdiction grounds where plaintiff failed to show the alleged misappropriation was "expressly aimed" at California, even though plaintiff, a California company, had executed NDAs and a memorandum of collaboration with defendant); *Serenium*, 2021 WL 3111758, at *6-8 (same, due to lack of "express aiming").

### 3.    Soelect Fails to Allege Forum-Specific Harm

"Harm suffered in the forum state" also is "a necessary element in establishing purposeful direction." *Kovalenko v. Kirkland & Ellis LLP*, No. 22-cv-05990, 2023 WL 5444728, at *14 (N.D. Cal. Aug. 23, 2023). "But [Soelect] does not allege that [HMC] injured [it] in California." *Id.* This is another "dispositive" reason to dismiss Soelect's complaint. *Id.*

### B.    Soelect Fails to Allege, and Cannot Show, That Its DTSA Claim Arises Out of or Relates to Forum-Related Activities

An independent ground for dismissal for lack of personal jurisdiction is Soelect's inability to show that its DTSA claim arises out of or relates to the attenuated connections it tries to draw between HMC and California (or the U.S.). *Cisco*, 2023 WL 3032061, at *2. Soelect does not allege that misappropriation occurred in California (or the U.S.), Dkt. 1, and, as discussed, HMC never directed any tortious conduct at California (or the U.S.). Section IV.A.

The MTA, Soelect's purported jurisdictional hook, is a limited agreement that covered the evaluation of a "Proof-of-Concept Li-X Alloy Anode" during a "3 month[]" project period at the end of 2019. Dkt. 1-2 at 4 (MTA, Exhibit A). HMC is not a party to the MTA (*see* Dkt. 1-2), and the product samples that Soelect shipped to HMC in August 2020 were not covered by the MTA— they were samples of a "new" LiX anode different from what Soelect shipped under the MTA.[9]

---

[9] *See* Ex. D, HATCI Matter, Dkt. 146-3 (Jan. 29 Seo Decl.) at ¶¶ 6-10, 15, and Exhibit B thereto (Apr. 10, 2020 messages) (Dr. Seo: "Oh, is this a completely different concept from the initial sample you previously sent?"  Dr. Cho of Soelect: "I found *something new.*"); Ex. C, HATCI

Thus, HMC's purported misappropriation—which allegedly began in September 2020 in South Korea—does not arise out of or relate to the MTA's "part[ial]" negotiation in Santa Clara County in 2019 (Dkt. 1 at ¶ 19).  *See GeoSolutions B.V. v. Sina.com Online*, No. 21-cv-08019, 2023 WL 7107284, at *5 (N.D. Cal. Oct. 27, 2023) (dismissing for lack of personal jurisdiction because the "attenuated alleged California contacts [we]re neither a but-for cause nor closely related to the alleged [misappropriation] that underl[ay] Plaintiffs' claims," explaining that "[r]elatedness requires a close connection between contacts and injury.").[10]

### C.    Exercising Personal Jurisdiction Over HMC Would be Unreasonable

Even if Soelect could meet its burden on the first two requirements for personal jurisdiction, its complaint still should be dismissed because the exercise of personal jurisdiction over HMC would be unreasonable.  *Cisco*, 2023 WL 3032061, at *2.  Soelect is a Delaware corporation operating from North Carolina, and HMC is a South Korean corporation.  Dkt. 1 at ¶¶ 16-17.  HMC did not "purposefully interject" itself into the affairs of California (or the U.S.).  *Core-Vent v. Nobel Indus.*, 11 F.3d 1482, 1487-88 (9th Cir. 1993) (listing reasonableness factors).  And California has no interest in, and is not a convenient forum for, adjudicating non-resident Soelect's claim.  *See, e.g., Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987) ("Because the plaintiff [wa]s not a California resident," California's interests in the dispute were "considerably diminished").  For at least these reasons, the exercise of personal jurisdiction over HMC would be unreasonable.  *See Core-Vent*, 11 F.3d at 1489 ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field."); *see also Asahi Metal*, 480 U.S. at 114 (finding exercise of jurisdiction unreasonable due to the "international context," "heavy burden on the alien defendant," and "slight interests of the plaintiff and the forum State").

---

Matter, Dkt. 146-2 (Jan. 29 Song Decl.) at ¶ 17 ("[HMC] viewed th[e] [August 2020] samples … as new Soelect products and [HMC]'s evaluation of those samples as a new project.").

[10] If Soelect contends that its DTSA claim arises out of or relates to the connections Soelect alleges exist between HMC and California (or the U.S.), such as the October 2020 Zoom meeting and the MTA's negotiation, that will only underscore that this case and the HATCI Matter arise out of the same transactional nucleus of facts, and that this case therefore should be dismissed as improperly duplicative and barred by the anti-claim splitting doctrine.  *See* Section VI.A.1.

## V. THIS DISTRICT IS AN IMPROPER VENUE

This District is an improper venue.  In its one venue-related allegation, Soelect invokes 28 U.S.C. § 1391.  Dkt. 1 at ¶ 18.  But HMC is a South Korean corporation, *not* a resident of this District (§ 1391(b)(1)); the alleged misappropriation occurred in South Korea, so a "substantial" part of the events giving rise to Soelect's claim did *not* occur here (§ 1391(b)(2)); and HMC is *not* subject to this Court's personal jurisdiction (§ 1391(b)(3)).  *See* Section IV.  Accordingly, venue is improper, and Soelect's complaint should be dismissed.  *See Elofson v. Bivens*, No. 15-cv-05761, 2017 WL 566323, at *14-15 (N.D. Cal. Feb. 13, 2017).

## VI. SOELECT'S SUIT IS BARRED BY THE ANTI-CLAIM SPLITTING DOCTRINE

Soelect's complaint is barred by the anti-claim splitting doctrine, which prohibits duplicative, repetitive actions.  *Adaptix v. Amazon.com*, No. 5:14-cv-01379, 2015 WL 4999944, at *12 (N.D. Cal. Aug. 21, 2015) (dismissing claims "barred by the doctrine against claim splitting"); *Ramachandran v. Best Best & Krieger*, No. 20-cv-03693, 2021 WL 428654, at *8 (N.D. Cal. Feb. 8, 2021) (same); *Pollok v. Vanguard Mktg.*, No. 18-cv-1099, 2018 WL 6118602, at *4-5 (C.D. Cal. May 29, 2018) (same), *aff'd*, 803 F. App'x 67 (9th Cir. 2020).  This doctrine "is similar to claim preclusion, but applies when the first suit has not yet been resolved."  *Battle Born Munitions v. Dick's Sporting Goods*, No. 3:19-cv-00561, 2020 WL 1891859, at *4 (D. Nev. Apr. 16, 2020) (citing *Adams*, 487 F.3d at 688-89); *see also Hueter v. Kruse*, No. 21-cv-00415, 2021 WL 5238763, at *2 (D. Haw. Nov. 10, 2021) ("[D]ismissal of an action duplicative of a parallel action already pending in another federal court is allowable as an exercise of wise judicial administration.").  To determine whether later-filed claims violate this doctrine, courts examine "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same."  *Adams*, 487 F.3d at 689.  Here, under the anti-claim splitting doctrine's test, they are.

### A. Soelect's Successive Causes of Action are the Same Under this Doctrine

To "ascertain whether successive causes of action are the same" under the anti-claim splitting doctrine, courts use the "transaction test, developed in the context of claim preclusion," and examine four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same

1    evidence is presented in the two actions; (3) whether the two suits involve infringement of the

2    same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.*

3    All these criteria favor application of the doctrine here.  Because the last criterion is "the most

4    important," HMC addresses it first.  *Id.*

5              **1.      Soelect's Suits Arise Out of the Same Transactional Nucleus of Facts**

6              This case and the HATCI Matter arise out of the same transactional nucleus of facts.

7    Soelect's DTSA claim here and its breach of contract claim in the HATCI Matter are founded on

8    the same allegedly improper conduct—HMC's testing and alleged SEM imaging of LiX samples

9    that Soelect shipped to HMC in South Korea in August 2020.  In the HATCI Matter, Soelect

10   alleges that HATCI breached the MTA based on HMC's testing.  Ex. A, HATCI Matter, Dkt. 1

11   (Compl.) at ¶¶ 1, 7-15.   Here, Soelect alleges that HMC's testing constitutes trade secret

12   misappropriation under the DTSA.  Dkt. 1 at ¶¶ 37-39, 58.  Indeed, the alleged facts that Soelect

13   posits led to HMC's purportedly wrongful testing are, or are substantively, the same.  *Compare,*

14   *e.g.*, Ex. A, HATCI Matter, Dkt. 1 (Compl.) at ¶ 6-8, 10-15 *with* Dkt. 1 at ¶ 20, 29-30, 37-39.

15   Thus, the transaction test's most important criterion is satisfied.  *See Int'l Union of Op. Eng'rs v.*

16   *Karr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993) (holding that claims premised on the same alleged

17   breach and involving overlapping time periods arose out of same transactional nucleus of facts);

18   *Efficient Frontiers v. Marchese*, No. 16-cv-06920, 2016 WL 7117243, at *3 (C.D. Cal. Dec. 6,

19   2016) (concluding that complaints alleging "a number of the same facts" arose out of same nucleus

20   of facts); *see also Almaznai v. S-L Distrib. Co.*, No. 20-cv-08487, 2021 WL 4457025, at *6 (N.D.

21   Cal. June 21, 2021) ("Because the most important and outcome-determinative factor of the

22   transaction test is met here, the Court need not … consider the other criteria … to conclude that

23   both actions involve the same cause of action."); *Herrera v. Countrywide KB Home Loans*, No.

24   5:11-cv-03591, 2012 WL 901340, at *4 (N.D. Cal. Mar. 15, 2012) ("[S]atisfaction of the fourth []

25   factor alone is often sufficient to find an identity of claims.").

26             The presence of "additional allegations" in Soelect's complaint here "do[] not prove the

27   two actions do not arise out of the same nucleus of facts." *Efficient Frontiers*, 2016 WL 7117243,

28   at *3.  Likewise, Soelect's "new legal theory"—DTSA misappropriation—"does not preclude a

finding of improper claim splitting." *Id.*; *see also Media Rts. Techs. v. Microsoft Corp.*, 922 F.3d 1014, 1027 (9th Cir. 2019) (collecting authorities showing that, for "the common-nucleus criterion," courts are "most concerned with the facts or events from which the alleged harms rose," not particular legal theories); *Adams*, 487 F.3d 690 (affirming dismissal of second case with "new legal theories"); *Pollok*, 2018 WL 6118602, at *3 (finding improper claim splitting despite "different legal theories"); *Herrera*, 2012 WL 901340, at *3 ("[U]nder federal law [a plaintiff] does not avoid the bar of res judicata merely because he now alleges conduct … not alleged in his prior suit, nor because he has pleaded a new legal theory.").

### 2.   Prosecution of This Case Could Destroy or Impair Rights Established in the HATCI Matter

Allowing this case to proceed "risks inconsistent judgment[s]" that could destroy or impair rights established in the HATCI Matter. *Efficient Frontiers*, 2016 WL 7117243, at *3; *see also Estrada v. City of San Luis*, No. 07-cv-1071, 2008 WL 3286112, at *3 (D. Ariz. Aug. 7, 2008) (finding this criterion satisfied due to the "risk of inconsistent results").  For example, in the HATCI Matter, Soelect and HATCI dispute, and have cross-moved for summary judgment on issues relating to, whether the MTA applies to the LiX samples Soelect sent HMC in August 2020 and HMC's SEM imaging of one such sample, and whether that SEM imaging revealed confidential information.  *See* Ex. F, HATCI Matter, Dkt. 123 (HATCI SJ Mem.) at 2, 21-23; HATCI Matter, Dkt. 136 (Soelect SJ Reply) at 8-12; Ex. B, HATCI Matter, Dkt. 145 (HATCI SJ Reply) at 1-8.  Rulings on these issues—e.g., determinations that the MTA does not apply to the August 2020 samples or HMC's SEM imaging, or that the SEM imaging did not reveal Soelect's proprietary information—could be destroyed or impaired by inconsistent findings here, e.g., determinations that HMC acquired LiX-related trade secrets by "improper means" because the MTA imposed on HMC "a duty to maintain [the] secrecy" of characteristics of the August 2020 samples (18 U.S.C. § 1839(5), (6)), or that HMC acquired trade secrets via its SEM imaging.

As another example, a determination in the HATCI Matter that Soelect was not harmed by HMC's testing of the August 2020 samples "could be impaired by this instant action were [HMC] to be found liable." *Pollok*, 2018 WL 6118602, at *3.  That is particularly important here, given

that Soelect's CFO already conceded in the HATCI Matter that Soelect was *not* harmed by HMC's testing:

> Q. … Are you aware of any harm to Soelect caused by Hyundai Motor Company's evaluation of the samples that it received from Soelect?
>
> A. *No.*

Ex. G, HATCI Matter, Dkt. 124-7 (Soelect's CFO's Dep. Tr.) at 74:7-11; *see also* note 4.

### 3. Substantially Similar Evidence Will Be Presented In Both Suits

"[S]ubstantially similar evidence will be presented" in this case and the HATCI matter. *Efficient Frontiers*, 2016 WL 7117243, at *3. This case will require duplicative productions and reviews of documents concerning the HATCI-Soelect relationship, the MTA, Soelect's products, HMC's testing of Soelect samples, and communications between Soelect, HATCI, and HMC. This case also will involve the same Soelect and HATCI witnesses as the HATCI Matter, many of whom have already been deposed about issues raised by Soelect's allegations. *Compare* Ex. A, HATCI Matter, Dkt. 1 (Compl.) *with* Dkt. 1. Moreover, "[e]ven if [Soelect's] new federal claim[] would require the introduction of some different evidence, the mere fact that some different evidence may be presented in this action" is no bar to applying the anti-claim splitting doctrine. *Herrera*, 2012 WL 901340, at *4. "The evidence need only be similar, not identical, for this factor to apply." *Estrada*, 2008 WL 3286112, at *3.

### 4. Soelect's Suits Involve the Alleged Infringement of the Same Right

The HATCI Matter and this case involve the alleged infringement of the same right—Soelect's purported intellectual property rights in its allegedly proprietary technology. *See Media Rts. Techs.*, 922 F.3d at 1029 (finding patent and copyright claims aimed to protect the same right—plaintiff's "exclusive right to use and sell a particular implementation of its [] technology"); *Hawkins v. Spelling Ent. Grp., Inc.*, 221 F.3d 1348 (9th Cir. 2000) (finding trademark and copyright claims went to same "basic right"—"exploit[ing] the name and pictures from 'It's A Wonderful Life'"). And in both cases, Soelect seeks monetary compensation for the alleged infringement of that right, i.e., for "Hyundai" allegedly "threaten[ing] the proprietary nature of Soelect's technology." *Compare* Ex. A, HATCI Matter, Dkt. 1 (Compl.) at ¶¶ 23-24 *with* Dkt. 1

at ¶ 15 (alleging "Soelect brings this action … to protect its valuable technology"), ¶ 61.

Moreover, even if this case and the HATCI Matter "involve[d] distinct rights, this factor alone does not differentiate the causes of action" because, as noted, "the most significant factor is that the causes of action arise from a common nucleus of facts." *Estrada*, 2008 WL 3286112, at *3; *Adams*, 487 F.3d at 691; Section VI.A.1.  The "fact that [this later-filed case] involves somewhat different legal theories and a somewhat broader range of related conduct and damages does not alter the underlying fundamental identity of the suits." *Mendoza*, 30 F.4th at 887, 889 (affirming dismissal of duplicative claims).

### B.  HMC and HATCI are "Privies" Under the Anti-Claim Splitting Doctrine, and Soelect is the Plaintiff in Both Suits

Soelect is the named plaintiff in this case and the HATCI Matter.  And while HMC and HATCI are distinct corporate entities, as noted above, they are "privies" for purposes of the anti-claim splitting doctrine (a) due to their corporate relationship and (b) because HMC "had a significant interest and participated in" the HATCI Matter, *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1082 (9th Cir. 2003), for example, when HMC's engineers explained in sworn declarations that "HMC has never used any information from any evaluations of Soelect samples in any projects or development work."  Ex. C, HATCI Matter, Dkt. 146-2 (Jan. 29 Song Decl.) at ¶ 8; Ex. D, HATCI Matter, Dkt. 146-3 (Jan. 29 Seo Decl.) at ¶¶ 13-14; *see also Pollok*, 2018 WL 6118602, at *4 ("Privity [] exists *for purposes of preclusion* between a parent corporation and its wholly-owned subsidiary."); *Adaptix*, 2015 WL 4999944, at *10 (anti-claim splitting doctrine applied to new defendants "in privity" with defendants in earlier suit); *Hueter*, 2021 WL 5238763, at *7 ("[E]ven when the defendants in each suit are not identical, a court may dismiss a second suit … as duplicative.").

For the foregoing reasons, the anti-claim splitting doctrine applies and bars this suit, and Soelect's complaint should be dismissed with prejudice.[11]

---

[11] If this case is not dismissed, it should be stayed pending resolution of the HATCI Matter, for the reasons set out above and in HMC's concurrent motion to stay.  *See, e.g.*, *Anguiano-Tamayo v. Wal-Mart Assocs.*, No. 18-cv-04598, 2019 WL 359417, at *8 (N.D. Cal. Jan. 29, 2019) (staying suit under the anti-claim splitting doctrine because it was duplicative of an earlier-filed suit).

## VII. Soelect's DTSA Claim Fails for Lack of a Domestic "Act in Furtherance" of the Alleged Misappropriation

Soelect's complaint also fails to state a viable DTSA claim because it does not allege that an "act in furtherance" of the alleged misappropriation was "committed in the United States," which the DTSA requires to reach a foreign company's allegedly offending, extraterritorial conduct. *See* 18 U.S.C. § 1837; *see also Aldini*, 2022 WL 20016826, at *14-15 (granting motion to dismiss for lack of a domestic "act in furtherance"); *Beijing Neu Cloud Oriental v. IBM*, No. 21-cv-7589, 2022 WL 889145, at *3-4 (S.D.N.Y. Mar. 25, 2022) (same); *ProV Int'l v. Lucca*, No. 8:19-cv-978, 2019 WL 5578880, at *3 (M.D. Fla. Oct. 29, 2019) (same).

"Nowhere does [Soelect's] Complaint detail any act that occurred in the United States *in furtherance of the [alleged] misappropriation of trade secrets*." *Beijing Neu Cloud Oriental*, 2022 WL 889145, at *4. Soelect alleges that "HMC has used [its] trade secrets without Soelect's consent and thereby misappropriated them in violation of the DTSA." Dkt. 1 at ¶ 58. But Soelect fails to allege that such use, or any act in furtherance thereof, occurred domestically. *See id.* Soelect attempts to fill that gap with its allegations relating to the MTA (*id.* at ¶¶ 2, 9, 19, 25-29); however, as discussed, HMC is not a party to, and did not negotiate or execute, the MTA. And, Soelect does not allege that its negotiations with HATCI were conducted in furtherance of the misappropriation that allegedly occurred nearly a year later. Nor could it, for "an act that occurs before the [allegedly wrongful] operation is underway"—like the MTA negotiations—"or after it is fully completed is not an act in furtherance of the misappropriation." *Bepex Int'l v. Micron BV*, No. 19-cv-2997, 2023 WL 2975699, at *5, *7 (D. Minn. Apr. 17, 2023).

Because Soelect's DTSA claim is improperly extraterritorial, it should be dismissed.

## VIII. CONCLUSION

For the foregoing reasons, Soelect's complaint should be dismissed. Soelect should not be granted leave to amend because, on each issue on which HMC moves, Soelect cannot cure its pleading's failures through "the allegation of other facts," making any such amendment "futile." *Herrera*, 2012 WL 901340, at *3.

1

Dated:  March 8, 2024                          Respectfully submitted,

2

LATHAM & WATKINS LLP

3

 /s/ Matthew W. Walch

4

Matthew W. Walch (*Pro Hac Vice*)
 matthew.walch@lw.com

5

Gary S. Feinerman (*Pro Hac Vice*)
 gary.feinerman@lw.com

6

330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611

7

Telephone: (312) 876-7700

8

Douglas E. Lumish (SBN 183863)
 doug.lumish@lw.com

9

140 Scott Drive
Menlo Park, California 94025

10

Telephone: (650) 328-4600

11

Christopher W. Henry (*Pro Hac Vice*)
 christopher.henry@lw.com

12

200 Clarendon Street

13

Boston, Massachusetts 02116
Telephone: (617) 948-6000

14

Melanie J. Grindle (SBN 311047)

15

melanie.grindle@lw.com
12670 High Bluff Drive

16

San Diego, California 92130
Telephone: (858) 523-5400

17

18

*Attorneys for Defendant Hyundai Motor
Company*

19

20

21

22

23

24

25

26

27

28