BAILEY & GLASSER, LLP
Leslie A. Brueckner (State Bar No. 140968)
 lbrueckner@baileyglasser.com
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

Benjamin L. Bailey (*to be admitted pro hac vice*)
 bbailey@baileyglasser.com
Eric B. Snyder (*to be admitted pro hac vice*)
 esnyder@baileyglasser.com
Christopher D. Smith (*to be admitted pro hac vice*)
 csmith@baileyglasser.com
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

*Attorneys for Plaintiff Soelect, Inc.*

[*Additional counsel on signature page*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOELECT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HYUNDAI MOTOR COMPANY, <br><br> Defendant. | CASE NO. 3:23-cv-5405-CRB <br><br> **PLAINTIFF SOELECT INC.'S SUPPLEMENT TO ITS OPPOSITION TO HYUNDAI MOTOR COMPANY'S MOTION TO DISMISS** <br><br> Courtroom: Via Videoconference <br> Judge: Hon. Charles R. Breyer <br><br> Date: September 20, 2024 <br> Time: 10:00 a.m. |

After Soelect responded to Hyundai Motor Company's Motion to Dismiss, the United States District Court for the Northern District of Illinois partially granted Soelect's Motion for Summary Judgment in that case. The court's ruling in *Soelect, Inc. v. Hyundai Am. Tech. Ctr., Inc.*, No. 22 CV 1342, 2024 WL 2892905 (N.D. Ill. June 10, 2024) further shows that HMC's Motion to Dismiss is unfounded and should be denied.

## I. BACKGROUND

On June 10, 2024, the United States District Court for the Northern District of Illinois granted partial summary judgment in Soelect's favor. *See Soelect, Inc. v. Hyundai Am. Tech. Ctr., Inc.*, No. 22 CV 1342, 2024 WL 2892905 (N.D. Ill. June 10, 2024). Specifically, the court determined that "there is no genuine dispute that HATCI breached the MTA by allowing SEM testing to be performed on Lithium-X samples." *Id.* at *13. Although the court found that HATCI breached the contract, it determined that the enforceability of the liquidated damages clause in the case was a question of fact for the jury. *Id.*

In determining that HATCI breached its contract with Soelect, the court rejected three excuses HATCI—and now HMC—attempted to use to evade liability. First, the court determined that the Materials Testing and Transfer Agreement ("MTA") protected all of the material provide by Soelect, and it rejected HATCI's argument that the MTA only protected materials sent during a three-month period. *Id.* at *7-9. Second, the court determined that the MTA's prohibitions extended to HMC even though Soelect and HATCI were the signatories to the contract. The court specifically noted that the MTA—a contract negotiated in part by Hyundai CRADLE in California—"contemplates an express delegation of HATCI's obligations to the HMC scientists who actually received and tested the materials." *Id.* at *12. Finally, the court rejected HATCI's argument that it was permitted to perform the prohibited testing because lithium deposits formed on Soelect's Lithium-X sample. Regardless of whether lithium deposits formed on the Lithium-X, the court held "that the SEM testing performed by HMC is 'characterization testing' under the MTA." *Id.* at *13.

**II. The MTA's express delegation of performance to HMC further shows that HMC is subject to personal jurisdiction in California.**

As Soelect showed in its initial Opposition, HMC is subject to personal jurisdiction in California. Specifically, its subsidiary, HATCI, admitted that "[Hyundai Motor Company], not HATCI, directs Hyundai CRADLE's projects and business activities." [ECF No. 31-1]. CRADLE operates in California, and it negotiated the MTA in California. It is eminently reasonable to subject HMC to personal jurisdiction in California. Following the decision in *Soelect, Inc. v. Hyundai Am. Tech. Ctr., Inc.*, No. 22 CV 1342, 2024 WL 2892905 (N.D. Ill. June 10, 2024), it is even more obvious that HMC is subject to personal jurisdiction in California.

Specifically, the court noted that the MTA "contemplates an express delegation of HATCI's obligations to the HMC scientists who actually received and tested the materials." *Id.* at *12. HMC is subject to personal jurisdiction where a California company that it "controls" negotiated a contract in California and then delegated performance from California to South Korea. HMC's deep California ties establish that it directed activities at the forum, that the case arises out of its California activities, and that subjecting it to personal jurisdiction is reasonable.[1]

**III. CONCLUSION**

For the above reasons and those in Soelect's initial opposition, this Court should deny HMC's Motion to Dismiss.

Dated:  July 24, 2024

Respectfully submitted,

BAILEY & GLASSER, LLP
By: /s/*Leslie A. Brueckner*
Leslie A. Brueckner (State Bar No. 140968)
 lbrueckner@baileyglasser.com
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

---

[1] For the same reasons, the MTA's delegation further shows that venue is proper in this Court.

1
2  Benjamin L. Bailey (*to be admitted pro hac vice*)
   bbailey@baileyglasser.com
3  Eric B. Snyder (*to be admitted pro hac vice*)
   esnyder@baileyglasser.com
4  Christopher D. Smith (*to be admitted pro hac vice*)
5  csmith@baileyglasser.com
   209 Capitol Street
6  Charleston, WV 25301
   Telephone: (304) 345-6555
7  Facsimile: (304) 342-1110

8           *Attorneys for Plaintiff Soelect, Inc.*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of Court using the ECF system that will send notification of such filing upon all ECF filing participants.

/s/*Leslie A. Brueckner*
Leslie A. Brueckner (State Bar No. 140968)